IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


NEFER WILLIAMS,
    Petitioner,

vs.                                       Case No.: 3:05cv175/RV/EMT

PAUL DECKER, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Doc. 10). Petitioner filed a reply (Doc. 12).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for disposition of this matter. *See* Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed by the parties and established by the state court record. Petitioner was originally charged in the Circuit Court for Escambia County, Florida, with one count of felony possession of cannabis with intent to sell or deliver, and two counts of driving while license revoked (habitual offender) (Doc. 10, Ex. A). On March 20, 2002, Petitioner pleaded nolo contendere as charged, pursuant to a written plea agreement (Doc. 10, Ex. B). The terms of the plea agreement provided that Petitioner would be adjudicated guilty as charged

and the State would recommend a sentence of eight (8) months of incarceration in the county jail followed by two (2) years of probation (*id.*). The same day, Petitioner was adjudicated guilty of all counts and sentenced to three concurrent terms of eight months of incarceration in the county jail followed by three concurrent terms of two years of probation (Doc. 10, Ex. C).

Petitioner subsequently violated his probation and, following a hearing, was sentenced on October 16, 2002, to three consecutive terms of five years of incarceration (Doc. 10, Exs. D, E). Petitioner challenges his probation violator sentence in the instant habeas petition (*see* Doc. 1 at 1). Petitioner appealed his probation violator conviction and sentence to the Florida First District Court of Appeal (First DCA). Petitioner's appellate counsel filed a brief asserting that counsel was unable to make a good faith argument that reversible error occurred in the trial court, in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) (Doc. 10, Ex. F). Petitioner did not file a separate brief, but instead requested that his counsel file a notice of voluntary dismissal (Doc. 10 at 3, Ex. G). The First DCA dismissed the appeal on January 17, 2003 (Doc. 10, Ex. H).

On April 24, 2003, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 10, Ex. I). Petitioner asserted that the probation violator judgment violated state law on the following grounds: (1) the court did not specify which conditions of probation were violated, and (2) the court did not enter a written order revoking probation (*id.*). The motion was denied on July 9, 2003 (Doc. 10, Ex. J). Petitioner appealed the decision to the First DCA, and the First DCA affirmed the decision per curiam without opinion on October 28, 2003, with the mandate issuing November 25, 2003 (Doc. 10, Exs. K, L). Williams v. State, 858 So. 2d 1058 (Fla. 1st DCA Oct. 28, 2003) (Table).

On July 2, 2004, Petitioner filed a second motion for post-conviction relief pursuant to Rule 3.850(a) and Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 10, Ex. M). Petitioner asserted that the probation violator judgment violated state law on the following grounds: (1) his sentence was unauthorized and/or illegal because it violated the terms of his original plea agreement in that the original plea agreement provided for concurrent sentences, but the court imposed consecutive sentences upon revocation of Petitioner's probation, and (2) the court lacked jurisdiction to sentence Petitioner to consecutive terms of imprisonment upon revocation of probation where the

original terms of incarceration were concurrent (*id*.). The trial court found that the first claim, seeking relief pursuant to Rule 3.850(a), was procedurally barred and, therefore, dismissed the claim (Doc. 10, Ex. N). The court found that the second claim, seeking relief pursuant to Rule 3.800(a), was without merit according to state law (*id*.). Petitioner appealed the decision to the First DCA, and the First DCA affirmed the decision per curiam without opinion on April 4, 2005, with the mandate issuing May 2, 2005 (Doc. 10, Exs. O, P, Q). Williams v. State, 900 So. 2d 563 (Fla. 1st DCA Apr. 4, 2005) (Table).

Petitioner filed the instant habeas action on June 24, 2005 (Doc. 1 at 6).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.

Section 2254 now provides:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
   (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[1] The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13; Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119-20, 147 L. Ed. 2d 125 (2000).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343-45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the

---

[1] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-375, 390-399, 120 S. Ct. at 1499-1503, 1511-1516); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and –-except as to the footnote – Scalia) in part II (529 U.S. at 403-413, 120 S. Ct. at 1518-1523). The opinion of Justice Stevens in Part II was joined by Souter, Ginsburg, and Breyer.

Case No: 3:05cv175/RV/EMT

relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate v. Head, 261 F.3d 1206, 1216 (11th Cir. 2001) (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404-06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216. Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." *Id.* (citing and quoting Williams, 529 U.S. at 406). A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410. The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting Williams, 529 U.S. at 411). Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by

a federal court produces a firm conviction that that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S. Ct. 2140, 2149, 158 L. Ed. 2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." Section 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." (dictum)); Fugate, 261 F.3d at 1215 (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835-36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Thus, not only must the state court's factual determination have been unreasonable, but the court's factual findings must be shown unreasonable by clear and convincing evidence. *See* Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005) (citing § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1308 (11th Cir. 2004) (concluding that "[petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record")).

III.    EXHAUSTION AND DEFAULT

Case No: 3:05cv175/RV/EMT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it

---

[2]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i)  there is an absence of available State corrective process; or
       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[3] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365-66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a

---

[3]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

Case No: 3:05cv175/RV/EMT

claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[4]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must

---

[4]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id*. A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[5] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it

---

[5]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1301-02 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claim.

IV.  PETITIONER'S CLAIM

> Ground one:  The Petitioner was denied his 8th and 14th Amendment rights/protection against cruel and unusual punishment when the state courts imposed an illegal and unauthorized sentence upon the Petitioner that violated the terms of the Petitioner's plea agreement which also violated the Petitioner's 5th and 14th Amendment rights to due process of law.

(Doc. 1 at 4).  Petitioner contends that his probation violator sentence violates his plea agreement with respect to the original charges because when he entered the plea agreement, he understood that if he violated his probation he could be sentenced only to concurrent terms of incarceration (*id.*).

Respondent contends that Petitioner's constitutional claim is procedurally barred because he did not present it to the state courts in a procedurally proper manner (Doc. 10 at 6-14). Respondent's argument is threefold.  First, he argues that the state court properly found that the claim was procedurally barred; therefore, the federal court must honor the state court's application of its procedural rule (*id.* at 6-10).  Second, Petitioner did not exhaust his federal claims in state court and is now procedurally barred from doing so (*id.* at 10-13).  Third, although Petitioner couched his claim in terms of federal constitutional law, Petitioner's claim raises an issue dealing solely with state sentencing laws, which is not cognizable on federal habeas review (*id.* at 13-15).

Upon review of the state court record, the undersigned concludes that Petitioner did not exhaust his federal claim in the state courts.  In his second post-conviction motion, Petitioner argued that his probation violator sentence violated the terms of the plea agreement on the original charges, and the probation violator sentence was illegal because it imposed consecutive terms of imprisonment where the terms of imprisonment on the original charges were concurrent (Doc. 10,

Ex. M). However, he did not argue that his sentence violated federal due process or the Eighth Amendment; indeed, he did not allege a violation of any provision of the United States Constitution or federal law. Furthermore, in his state post-conviction motion he did not refer to any federal source of law. Petitioner's failure to raise his federal claims until now means that he deprived the state courts of "the first opportunity to hear the claim[ ] sought to be vindicated in a federal habeas proceeding." Bailey, 172 F.3d at 1305 (internal quotation omitted). Accordingly, this court applies the familiar principle that federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Id.*

In the instant case, Petitioner's failure to raise a federal due process or Eighth Amendment argument in his first Rule 3.850 motion in the Florida courts bars him from raising the argument in a successive motion. *See* Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing Mills v. Florida, 684 So.2d 801, 804 n.3 (Fla. 1996); Spaziano v. State, 545 So.2d 843, 844 (Fla. 1989) ("Unless petitioner shows justification for failure to raise the present issue in the first petition, the second successive petition pursuant to Florida Rule of Criminal Procedure 3.850 may be dismissed as an abuse of procedure."); Snowden v. Singletary, 135 F.3d 732, 736 n.4 (11th Cir. 1998)). However, Petitioner may escape the procedural default doctrine either through showing "cause for the default and prejudice" or establishing a "fundamental miscarriage of justice." Bailey, 172 F.3d at 1306 (quotation marks and citation omitted). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). "In order to establish prejudice, [a petitioner] must show that the items of evidence were material; that is, that 'had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* (citation omitted). "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." Isaacs v. Head, 300 F.3d 1232, 1255 (11th Cir. 2002) (citation and quotations omitted). In the instant case, Petitioner has failed to allege cause for his failure to assert his challenge to his sentence on the ground that it violated the plea agreement in his first post-conviction motion. Furthermore, he does not allege he is innocent of the violation of probation. Thus, the undersigned concludes that

Petitioner is procedurally barred from bringing a federal due process claim or an Eighth Amendment claim in his section 2254 petition.

Additionally, even if this court concluded that Petitioner fairly presented his federal due process claim in the state courts, the state court properly applied a state procedural rule barring consideration of the claim. The state court's written decision includes the following analysis:

> Ground one of the Defendant's motion ["The Defendant's sentence is unauthorized and/or illegal as it violates the terms of the Defendant's plea agreement" (*see* Doc. 10, Ex. M at 2)] falls under Fla. R. Crim. P. 3.850. The Defendant admits that he already has submitted one rule 3.850 motion, which was denied. The Defendant does not include, and the Court does not find, any reason why the instant claim could not have been brought in his original postconviction motion. As such the Court finds that the instant claim is an abuse of procedure pursuant to Fla. R. Crim. P. 3.850(f) and is dismissed with prejudice. Moreover, if the Court did entertain this claim, it is obviously without merit. A plea agreement for probation (absent a suspended sentence) does not guarantee a result or limit the Court in any way after a violation of that probation. The general rule of law remains that the Court may impose any sentence it originally might have imposed after a violation of probation. *See* Fla. Stat. § 948.06(1).

(Doc. 10, Ex. N at 6).

Petitioner argues that the fact that the state court reviewed the merits of his claim permits this court to review the claim (*see* Doc. 13). As discussed *supra*, the Supreme Court has held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263 (internal quotations omitted); *see also* Coleman, 501 U.S. at 734-35. "The mere fact that a federal claim might have been procedurally defaulted does not prevent a federal habeas court from reviewing that claim if the state court did not rely on the procedural bar as an independent basis for its decision." Parker v. Sec'y for Dep't of Corrections, 331 F.3d 764, 771 (11th Cir. 2003) (citing Harris, 489 U.S. at 261-62). The Eleventh Circuit has further clarified that a federal claim is not barred on federal habeas review if the state courts actually reject a claim on the merits. *Id.* (citing Davis v. Singletary, 119 F.3d 1471, 1479 ("It is settled that once the state courts have ignored any procedural bar and rejected a claim on the merits-not in the alternative but as the only basis of decision-that claim is not barred from federal habeas review.")). However, if the state court clearly and expressly stated its judgment rested on

a procedural bar, the federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek, 62 F.3d at 1301-02; Alderman, 22 F.3d at1549.

In the instant case, the state court relied on the procedural bar as an independent basis for its decision and alternatively addressed the merits of the claim.  Furthermore, as discussed *supra*, Florida courts consistently apply the rule that a successive post-conviction motion which asserts different grounds than a defendant's first motion is successive and an abuse of process unless the defendant shows justification for his failure to raise the new ground in his first postconviction motion.  *See* Rule 3.850(f); Mills, 684 So.2d at 804 n. 3; Spaziano, 545 So.2d at 844.  Therefore, this court may review the claim only if Petitioner can show cause for the default and prejudice attributable thereto, or that a fundamental miscarriage of justice will result if this court fails to consider the claim.  *See* Crawford v. Head, 311 F.3d 1288, 1327 (11th Cir. 2002) (citing Harris, 489 U.S. at 262).  In the instant case, Petitioner makes neither showing.  Therefore, Petitioner's due process claim challenging his probation violator sentence on the ground that it violated the original plea agreement, is procedurally barred from review by this court.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola, Florida, this 11th day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 3:05cv175/RV/EMT